# Riess, Appellant, *v.* Myers.

*Contract—Sale—Failure to deliver—Measure of damages.*

In an action of assumpsit to recover the price of automobile supplies sold and delivered, where the defendant seeks to set off a loss of profits on resale of automobiles purchased by the defendant from the plaintiffs, which the plaintiffs failed to deliver, it is proper to permit the plaintiffs to show that they directed the defendant how and where he could obtain automobiles identical with those which were not delivered to him, and at exactly the same price which he had agreed to pay, and that the defendant had made no effort to secure such cars.

Argued Dec. 11, 1913. Appeal, No. 168, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1912, No. 5,966, on certificate for defendant in case of Charles E. Riess, trading as Charles E. Riess & Co., v. J. Max Myers. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for automobile supplies sold and delivered. Before AUDENRIED, J.

At the trial the defendant claimed as a set-off damages alleged to have been sustained by him through the failure of the plaintiff to deliver a number of "Marion Cars" which the plaintiff had agreed to deliver to him, and which he himself had resold.

When John Max Myers, the defendant was on the stand he was asked this question:

"Q. I call your attention to the fact that in the letter of the 16th, canceling the contract, Mr. Riess writes you, 'On all sales which you have made, however, we will be pleased to assure you your usual discount, if you will send in specifications for same.' In the letter of March 18th he says, 'We have arranged with them,' that is, the new agents, 'to protect you in the sale of Marion cars which you have in prospect, as well as orders already taken by you. We have, furthermore, asked them to endeavor to make some arrangement

244    RIESS, Appellant, *v.* MYERS.

Statement of Facts—Charge of Court below.    [57 Pa. Superior Ct.

with you for further representation of your car.' And in the letter of March 25th, 'There is nothing which we wish to quibble about. We believe you wish to be honorable in the matter and pay for what goods you received, and you can rest assured that the American Automobile Company of Philadelphia have been instructed to take care of you on all cars sold, or those on which you contemplate closing, and no doubt you can make arrangements with them to sell cars for the entire season if you so desire.' Did you make any effort to procure these four cars to fill these orders that you had received?"

Mr. Pierce: That is objected to as irrelevant and immaterial, and I move this question be stricken out.

The Court: The objection is sustained. I will not strike this question out.

Exception noted for plaintiff by direction of the court.

"Q. What effort did you make to procure Marion cars to cover these four orders that you had?"

Objected to. Objection sustained. Exception noted for plaintiff by direction of the court. [2]

Charles E. Riess, the plaintiff, was asked this question:

"Q. What instructions, if any, did you give to the American Automobile Company, as your distributors, with reference to supplying Mr. Myers with cars to fill his orders, if he had any?"

Objected to. Objection sustained. Exception noted for plaintiff by direction of the court. [4]

Mr. Pierce: I object to the admission of the letter of March 25, 1912, for the same reason.

Objection sustained. Exception noted for plaintiff by direction of the court.

The court charged in part as follows:

[If you are of the opinion that these sales that Myers testified to, and in respect to two of them he is corroborated by the parties to whom he agreed to make the

sales, were actually made, Mr. Myers would be entitled to recover from the plaintiff the profits which he lost by reason of the plaintiff's neglect or refusal to supply him with cars on which he had depended in order to fill his contracts with his customers.] [8]

Plaintiff presented these points:

1. If the defendant claims a loss by reason of the failure of the plaintiff to deliver automobiles ordered by him, it was his duty to procure the automobiles, if possible, at the best price possible before he could recover damages for such failure to deliver. *Answer:* The plaintiff's points are refused. [9]

2. Since it appears that the plaintiff offered to furnish to the defendant all Marion cars which he had sold at the time the contract was canceled at the usual discount, it was the duty of the defendant to avail himself of this offer, and, if he failed to take the machines from the plaintiff, or from the American Automobile Company, which had agreed to furnish them, he cannot claim damages from the plaintiff for failure to deliver the cars. *Answer:* The plaintiff's points are refused. [10]

Certificate for defendant for $373.63. Plaintiff appealed.

*Errors assigned* among others were (1, 4) rulings on evidence, quoting the bill of exceptions; (8–10) above instructions, quoting them.

*C. Wilfred Conard,* of *Conard & Middleton,* for appellant.—The defendant is under an active duty to minimize his loss: Warren v. Stoddart, 105 U. S. 224; Lawrence v. Porter, 63 Fed. Repr. 62; Ingraham v. Pullman Co., 190 Mass. 33; Arnold v. Blabon, 147 Pa. 372; Theiss v. Weiss, 166 Pa. 9; Penna. R. R. Co. v. Titusville & Pithole Plank Road Co., 71 Pa. 350; Wicker v. Hoppock, 6 Wall. 94; Miller v. Mariner's Church, 7 Me. 51; Russell v. Butterfield, 21 Wend. (N. Y.) 300;

United States v. Burnham, 1 Mason, 57; Taylor v. Read, 4 Paige (N. Y.), 561.

*Thomas P. Pierce*, with him *Paul H. Denniston*, for appellee.—The general rule is that the measure of damages for the failure to deliver personal property sold is the difference between the contract price and the market price at the time of the purchase: Fessler v. Love, 48 Pa. 407; McHose v. Fulmer, 73 Pa. 365; Arnold v. Blabon, 147 Pa. 372; Theiss v. Weiss, 166 Pa. 9; Kinports v. Breon, 193 Pa. 309; Housedale Ice Company v. Improvement Company, 232 Pa. 293; Pittsburg Sheet Mfg. Co. v. West Penn. Street Steel Co., 201 Pa. 150.

OPINION BY PORTER, J., July 15, 1914:

This action was brought to recover the amount of a promissory note made by the defendant, and, also, a balance due upon book account for automobile supplies sold and delivered by the plaintiff to the defendant. The defendant presented as a set-off against the claim damages alleged to have been sustained by him through the failure of the plaintiff to deliver a number of automobiles in accordance with the terms of a written contract between them. At the trial it was conceded that the claim of the defendant, if well founded, was of a character which permitted it to be set off in this action. The main subject of dispute at the trial was whether the plaintiff had failed to deliver any automobiles which the defendant had ordered, and this incidentally involved the measure of the damages, if any, which the defendant had suffered by reason of nondelivery. The jury found a verdict in favor of the defendant, with a certificate of a balance in his favor, and the plaintiff appeals.

The plaintiff is a general distributing agent of automobiles, and resides in New York. He had entered into a written contract for the sale of "Marion Cars" to this defendant, which contract gave to the defendant the

exclusive right to sell "Marion Cars" within certain territory. The contract clearly disclosed that it was the intention of the parties that the defendant should obtain from his customers orders for the cars and should then order the cars from the plaintiff, in order to make delivery of the cars to his customers. The plaintiff agreed to deliver the cars to the defendant at prices twenty per cent below the regular list prices, and the defendant agreed not to sell any of the cars at less than the published retail list prices, except with the written consent of the plaintiff. The contract provided that the plaintiff should attach sight draft to the bill of lading for cars shipped to the defendant, and the vendee agreed to pay for all cars not less than fifteen days after the same reached their destination. Either party had the right to cancel the agreement on ten days' notice, and the plaintiff gave notice of cancellation in March, 1912. The defendant testified that prior to the cancellation of the agreement he had given orders for four cars, of different models, which orders the plaintiff had accepted and agreed to fill. He produced evidence tending to establish that the cars for which he had given these orders had all been resold and would have been taken and paid for by his customers, if the plaintiff had delivered the cars under the terms of the contract. If the defendant had so ordered the cars and already resold them, and the plaintiff failed to deliver them and the defendant could not procure that kind of a car in the market, and so lost his profits on the transactions, he would be entitled to recover that loss: Wilson v. Wernwag, 217 Pa. 82.

The general rule for ascertainment of the damages recoverable for failure to deliver personal property under a contract for the sale and delivery thereof is the difference between the contract price and the market value of the commodity at the time and place of delivery. If the property is such as to have a ready market and to be readily procurable in that market, and thus the

opportunity is presented the vendee of buying the very article in the open market, to be used for the purpose of filling his contract of sale, the market price of that article is satisfactory evidence of its market value. In such a case the difference between the market price and the contract price is the only loss which the purchaser has sustained by reason of the failure of the vendor to deliver the property. But he cannot neglect to buy when he has the opportunity in the market, and then charge the vendor with the entire difference between the contract price and the price at which under his special contract he has resold the goods to his own customer: Arnold v. Blabon, 147 Pa. 372. The object of the law is to compensate the party injured. He is entitled to this and nothing more, and in all cases compensation must be limited to the loss actually sustained. If the buyer purchases goods in place of those contracted for at less than the market value and thus reduces the loss, he can recover only the actual loss: Kinports v. Breon, 193 Pa. 309. Where goods have been ordered for the purpose of resale, and there is no market in which the buyer can readily obtain them, the following rules have been established by the decisions: "If at the time of the sale the existence of a subcontract is made known to the seller, the buyer, on the seller's default in delivering the goods, has two courses open to him: (1) He may elect to fulfill his subcontract, and for that purpose go into the market and purchase the best substitute obtainable, charging the seller with the difference between the contract price of the goods and the price of the goods substituted. (2) He may elect to abandon his contract, and in that case he may recover as damages against the seller, his loss of profits on the subsale, and any penalties he may be liable to pay, for breach of his subcontract. . . . In every case the buyer, to entitle him to recover the full amount of damages, must have acted throughout as a reasonable man of business, and done all in his power to mitigate his loss:"

2 Benjamin on Sales, sec. 1327. This language was quoted with approbation in Theiss v. Weiss, 166 Pa. 16, and the same rules are recognized in Pennsylvania Railroad Co. v. Titusville & Pithole Plank Road Co., 71 Pa. 350; Pittsburg Manufacturing Co. v. West Penn Sheet Steel Co., 201 Pa. 150.

The learned judge of the court below, while recognizing these principles excluded evidence which ought to have been admitted in order to determine the measure of damages applicable in this case. It may be conceded that "Marion Cars," being the product of a particular factory and having their own peculiarities, are not within that class of commodities which have a well-recognized market price, other than the list price published by the manufacturer. But the reason for the variation of the rule applicable to sales of property of this character is not merely because such property does not have a market price, but because it is supposed not to be obtainable in the market. It is incumbent upon the vendee of such property to do what he reasonably can, taking all the circumstances into account, to lessen the injury, and not aggravate it: Theiss v. Weiss, supra; Pennsylvania Railroad Co. v. Titusville & Pithole Plank Road Co., 71 Pa. 355; Saxe v. Penokee Lumber Co., 159 N. Y. 371; Ingraham v. Pullman Co., 190 Mass. 33; Warren v. Stoddart, 105 U. S. 224. The plaintiff offered evidence tending to establish that he had made arrangements with his agent in Philadelphia to supply to the defendant the identical cars which the latter had ordered, at the same prices and upon the same terms called for by the contract, that he had notified the defendant that this arrangement had been made, that plaintiff and his agent had been ready and willing to deliver the cars according to the contract, and that the defendant had made no effort to take the cars and pay for them according to the terms of his contract. If this testimony had been received and had been found by the jury to be true, then this defendant knew precisely where he could ob-

tain those cars at the same price and upon the same terms called for by his contract with the plaintiff; if he had thus taken the cars he would have sustained no loss. This testimony was competent, not only as affecting the measure of damages, but for the purpose of showing that the plaintiff had actually tendered performance in the manner required by the covenants of his contract to deliver the cars. The exclusion of this evidence is the subject of the first, second, fourth, fifth, sixth and seventh specifications of error, and those specifications are sustained.

The second point submitted by the plaintiff requested the court to charge as matter of law that it appeared that the plaintiff had offered to furnish the defendant all the "Marion Cars" which he had sold at the time the contract was cancelled at the usual discount. Most of the evidence tending to establish the fact that the plaintiff had made this offer had been excluded, and the only evidence admitted which indirectly tended to establish that fact was oral. The court could not, therefore, declare as matter of law that the jury must accept the fact as established, and the point was, for this reason, properly refused. If the jury should find, upon another trial, that the plaintiff did in good faith make this offer and he, by himself or his agent, were ready to deliver the cars according to the contract, and the defendant failed to take the cars, the latter would not be entitled to damages for his own failure.

The judgment is reversed and a venire facias de novo awarded.