# Seward *v.* Pennsylvania Salt Manufacturing Co., Appellant.

*Contract—Written contract of sale—Parol agreement—Inducing cause.*

1. In an action by a purchaser of goods to recover damages for a breach of contract to deliver goods, where defendant sets up as a defense that the offer to sell was made upon the faith of an ex-

press parol agreement that plaintiff was to organize a new company for a purpose specified, in which all of the product in question should be used and none resold, that otherwise the offer would not have been made, as that was the inducing cause, and that no new company was organized, defendant has no ground to complain, if the trial judge fairly submits such defense to the jury, by whom it is rejected; and especially is this so, where the affidavit of de-fense made no denial of the contract, but sought to avoid it by setting up the inducing cause as stated.

*Contracts—Sale—Breach—Failure to deliver—Measure of damages—Anticipated profits—Speculative — Contract price—Market value—Individual sales—Actual damages—Nominal damages.*

2. In an action by a vendee against a vendor for failure to deliver goods according to contract, the measure of damages is the difference between the contract price and the market value at the time and place of delivery, with interest; and plaintiff may recover such damages without having supplied his wants elsewhere; but, unless the proof shows that the subject of the contract had a market value greater than the contract price at the time of delivery, so as to bring the case within the general rule, plaintiff can recover only nominal damages.

3. If the product was not obtainable in the open market, plaintiff may recover his actual damages.

4. Where the subject of a contract is a large quantity of a particular chemical, evidence of its having a market value, is not shown by proof merely of individual sales in comparatively small amounts, not at all corresponding to the quantity specified in the contract, and not shown to have been made in the open market.

5. Had the purchaser required the chemical in his business and procured it elsewhere, or made it at a cost greater than the contract price, there would be a measure of damages.

6. It cannot be contended in such a case that the purchaser could have resold the chemical at a profit, inasmuch as there is no way of determining how an article, without market value, can be resold at a profit; the chances of such resale are too speculative to form a basis of a recovery.

7. Anticipated profits on a resale are not recoverable unless in contemplation of the parties when the original contract was made.

Argued January 12, 1920.    Appeal, No. 123, Jan. T., 1920, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1917, No. 5548, on verdict for plaintiff in case of George O. Seward v. Pennsylvania Salt Manu-

facturing Co.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Reversed.

Assumpsit by vendee of merchandise for alleged breach of contract to deliver goods.   Before SHOEMAKER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $34,500.   Defendant appealed.

*Errors assigned* were various instructions and rulings.

*Wm. Findlay Brown,* with him *Charles B. Downs,* for appellant.—Evidence of sales by defendant to its customers during the contract period was improper and insufficient to prove market price or value as a standard for measuring damages.

The rule is to give actual compensation by graduating the amount of the damages to the extent of the loss: Forsyth v. Palmer, 14 Pa. 96; Theiss v. Weiss, 166 Pa. 9; Lloyd v. Haugh, 223 Pa. 148; Burton v. Miller, 227 Pa. 143.

In the absence of proof of the market value at the time and place of delivery, the vendee fails to show any damages at all: David v. Whitmer, 46 Pa. Superior Ct. 307; Pittsburgh Sheet Mfg. Co. v. West Penn Sheet Steel Co., 201 Pa. 150.

*Owen J. Roberts,* with him *Weill & Oliver,* for appellee.—The evidence proved actual damages under the general rule: Honesdale Ice Co. v. Lake Lodore Imp. Co., 232 Pa. 293.

Even if there was no general market, the proof of damages in this case was proper: Ducas v. Bauer Co., 163 N. Y. Supp. 32.

OPINION BY MR. JUSTICE WALLING, March 1, 1920:

This suit for damages is by a vendee for an alleged breach of contract in the purchase of a chemical product, known as hydrate alumina. Defendant is a manufacturing company located at Natrona, Pa., and plaintiff a metallurgical engineer residing in New York. In the summer of 1915 he opened negotiations with the company for the purchase of the product for use during ·1916. After some preliminary negotiations, defendant, on September 24, 1915, wrote plaintiff definitely offering him 100 tons a month of such product, May to December inclusive, 1916, at four cents per pound f. o. b. Natrona, Pa., net cash, offer open for acceptance until Nov. 1, 1915. Four days later the offer or option was enlarged so as to begin March 1, 1916, and, on October 19, 1915, the time for acceptance was extended to November 15th. On November 11, 1915, plaintiff wrote defendant: "Referring to your letter of September 24, 1915, and to prior and subsequent correspondence between us on the above subject, I beg to accept your offer of 100 tons monthly of Hydrate of Alumina, March to December inclusive, 1916......at 4c per pound f. o. b. Natrona, Penn., terms net cash." Defendant acknowledged this letter and requested the name of the buyer, so that contracts might be written up, etc. Plaintiff made no reply to this request and, on January 22, 1916, defendant wrote plaintiff: "Failing to receive any reply to our respects under date of November 15, 1915, or, in fact, any further word from you in the above matter, we take it that your plans have not developed as anticipated, so that we are free to consider the above matter as being a 'dead' issue." Two days later plaintiff replied: "The matter is not a 'dead' issue and I will send you shipping instructions before March 1st for the 100 tons you are to deliver to me during March." The shipping instructions were duly given but defendant declined to deliver the specified hydrate alumina or any part thereof, and set up as a defense that the offer to sell was made upon

the faith of an express parol agreement that plaintiff was to organize a new company for the manufacture of aluminum in which all of the product in question should be used and none of it resold; and that otherwise the offer would not have been made, as that was the inducing cause. Admittedly no new company was organized and the product was not required in plaintiff's business. The trial judge fairly submitted this defense to the jury, by whom it was rejected. Certainly defendant has no ground to complain of such submission; in fact the affidavit of defense makes no denial of the contract, but seeks to avoid it by setting up the inducing cause above stated. The correspondence, while referring to existing companies in which plaintiff was interested and to a proposed new company, constitutes no agreement such as defendant here interposed; to establish that, parol evidence was introduced and largely relied upon.

Defendant brings this appeal from judgment entered upon the verdict of $34,500 for plaintiff, and the most important question is that of damages. The general rule is that, in an action by a vendee against a vendor for failure to deliver goods according to contract, the measure of damages is the difference between the contract price and the market value at the time and place of delivery, with interest: 2 Sedgwick on Damages (9th ed.), sec. 734, p. 1530; Honesdale Ice Co. v. Lake Lodore Imp. Co., 232 Pa. 293; Arnold et al. v. Blabon, 147 Pa. 372; and see sec. 67 (p. 562) of the Sales Act of 1915, P. L. 543; and plaintiff may recover such damages without having supplied his wants elsewhere: Hauptman v. Pa. W. Home for Blind Men, 258 Pa. 427. The trial judge so instructed the jury; but the trouble is the lack of evidence of market value. The only proof as to that was the amount for which plaintiff contracted to resell 25 tons of the March delivery, and the price at which defendant supplied its other customers during the months in question. These sales were individual transactions in comparatively small amounts, not at all corresponding

to that here in question nor shown to have been made in the open market, and not sufficient to establish the market value, especially of such quantities. Hydrate alumina is manufactured at other chemical works, but there was no evidence as to the price for which it there sold, or as to its general selling price in open market. Of course it may not at all times be possible to establish a general selling price, and in such cases actual market value may be shown by proof of facts and circumstances, fixing, to a reasonable degree of certainty, the amount the property would bring if offered at ordinary sale (B. P. Ducas Co. v. Bayer Co., 163 N. Y. Supplement 32, 40), but the evidence here does not justify such a finding.

It does not appear that the product in question was not obtainable in the open market, if it did plaintiff might recover his actual damages, that being the rule in such case: Pittsburgh Sheet Mfg. Co. v. West Penn Sheet Steel Co., 201 Pa. 150; Theiss v. Weiss, 166 Pa. 11; Culin v. Woodbury Glass Works, 108 Pa. 220; 35 Cyc. 641-2; 2 Sedgwick on Damages (9th ed.), sec. 734, p. 1534. However, the verdict could not be sustained upon that basis, as plaintiff proved no actual damages. Had he required the hydrate alumina in his business and procured it elsewhere, or made it at a cost greater than the contract price, there would be a measure of damages, but no such thing occurred. It may be urged that in such case he could have resold it at a profit; but how can it be determined that an article without market value can be resold at a profit? The chances thereof are too speculative to form the basis of a recovery: Spiese v. Mutual Tr. Co. et al., 258 Pa. 422; Pennypacker v. Jones, 106 Pa. 237. Moreover, anticipated profits on a resale are not recoverable unless in contemplation of the parties when the original contract was made (Clyde Coal Co. v. P. & L. E. R. R., 226 Pa. 391; David v. Whitmer & Sons, 46 Pa. Superior Ct. 307), and here they were not. In brief, unless the proof shows the subject

of the contract had a market value, and that greater than the contract price at the time of delivery, so as to bring the case within the general rule above stated, plaintiff can recover only nominal damages. The court erred in treating the evidence as sufficient to justify a finding of market value, and for that reason a new trial must be granted.

The assignments of error relating to other questions are not sustained.

The judgment is reversed and a venire facias de novo awarded.