## Mindlin et al. *v.* O'Boyle et al., Appellants.

*Contracts — Sales —Delivery—Time—Place—Breach—Measure of damages—Sales Act of May 19, 1915, P. L. 543—Coal—Statutes —Construction—Common law.*

1. Where a written contract for the sale of coal provides that "the above coal can be shipped during the months of June and July," the time is not limited for delivery in these months.

2. If it appears that the vendors did not offer or attempt to deliver the coal during June and July, and, although requested, never delivered it at all, a finding that the contract was breached will be sustained on appeal.

3. Where a contract for the sale of coal, calls for delivery at the mines, and the vendors made no delivery whatever, it is at the mines and not at the place to which the vendees intended to ship the coal that its market value must be ascertained, in determining the measure of damages.

4. In such case the Sales Act of May 19, 1915, section 67, P. L. 543, applies; such act makes no change in the rule that the market value is to be determined at the place of delivery.

5. A statute will not be construed as changing the common law beyond what is expressly stated or necessarily implied, and in doubtful cases the presumption is that no change was intended.

6. In all cases not provided for in the Sales Act of 1915, the rules of law and equity continue as theretofore.

7. In a case where a country-wide value of a commodity is based on its market value in a particular city, such value, less the cost of transportation, is accepted as its market value wherever it may be; but such rule cannot be applied to a general commodity like coal.

*Appeals—Modification of decree or judgment—Measure of damages.*

8. Where, in a case tried by the court without a jury, the court errs merely in the question of the measure of damages for breach of contract and the amount thereof is contested, the appellate court may modify the judgment by vacating the assessment of damages, and remitting the record with a procedendo.

Argued May 16, 1923. Appeal, No. 53, Jan. T., 1923, by defendants, from judgment of C. P. Luzerne Co., March T., 1920, No. 55, for plaintiffs, on case tried by court without jury, in suit of Henry Mindlin et al., trading as Mindlin & Rosenman v. Chas. M. O'Boyle et al., trading as the Pittston Coal Sales Co. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Judgment modified.

Assumpsit for breach of contract. Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*M. J. Mulhall,* for appellants.—The manner in which the parties had dealt with the subject-matter of the contract without manifesting any intention to hold each other to a strict compliance with the provisions as to time of performance, had placed them in a position in which neither could be permitted to recede and rescind the contract without warning to the other and a reasonable opportunity to perform: Price v. Beech, 20 Pa. Superior Ct. 291; Forsyth v. Oil Co., 53 Pa. 168; Portland Ice Co. v. Connor, 24 Pa. Superior Ct. 493; Goff-Kirby Coal Co. v. Coal Co., 31 Pa. Superior Ct. 60; Chas. J. Webb & Co., Inc., v. Hosiery Co., 231 Pa. 297.

If there were a breach, appellees were not entitled to recover without proving a difference between market or purchase price and contract price at place agreed on for delivery; and if so, what was amount of damages which they were entitled to recover: David v. Whitmer & Sons, Inc., 46 Pa. Superior Ct. 307; Seward v. Salt Mfg. Co., 266 Pa. 457; Iron Trade Products Co. v. Wilkoff Co., 272 Pa. 172; Delmont Gas Coal Co. v. Alkali Co., 275 Pa. 535.

The construction put upon section 67 of the Sales Act, supra, by the court below, is not only at variance with the law as laid down in the cases cited, but it is also at variance with the law as laid down by the courts of various states where a provision similar to section 67 of the Sales Act has been construed: Seaver v. Light Co., 135 N. E. (N. Y.) 329; Joseloff Co. v. Spirt, 117 Atl. (Conn) 523; Goralnik Hat Co. v. Hat Co., (Conn) 120 Atl. 000; Disch v. Surety Co., 196 N. Y. Sup. 833.

*W. A. Valentine,* with him *Lee P. Stark* and *James P. Harris,* for appellee.—Defendants having failed to comply with the shipping instructions given, plaintiffs were not obliged to go through the idle form of giving ad-

ditional instructions: Seligman v. Beecher, 36 **Pa.** Superior Ct. 475; Scott v. Coal Co., 89 Pa. 231.

The measure of damages adopted by the court below was, under the circumstances of this case, the proper measure: Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288; Stein & Sampson v. Slomkowski, 74 Pa. Superior Ct. 156; Campbell v. Great Eastern Casualty Co., 73 Pa. Superior Ct. 333.

OPINION BY MR. JUSTICE WALLING, June 23, 1923:

This is an action of assumpsit by vendees for failure to deliver coal according to contract. The case was tried before the court, without a jury, and, upon the findings of facts and legal conclusions, final judgment was in due course entered for the plaintiffs; therefrom the defendants brought this appeal. In June, 1919, by correspondence, Henry Mindlin et al., plaintiffs, who, resided in New York City, bought of the defendants, Charles M. O'Boyle et al., whose place of business was at Pittston, Pa., fifteen hundred gross tons of anthracite coal of specified grades, sizes and prices "f. o. b. cars, mines." The correspondence shows an intent for prompt delivery, although a specific date therefor is not mentioned. The statement in defendants' letter of June 12, 1919, which quotes prices but not amounts, that, "The above coal can be shipped during the months of June and July," did not limit the time for delivery to those months, and the trial court properly so held. Moreover, the defendants made no offer or attempt to deliver the coal during those months. The court's finding, in effect, that defendants, although duly requested, neglected and practically refused to deliver the coal in question, thereby breaching the contract, cannot be successfully assailed; the real difficulty is as to the assessment of damages. After the breach, plaintiffs rescinded the contract, and supplied their wants by purchasing coal at retail in New York, and the expenses thereof in excess of the contract price, was made the basis upon which the damages were as-

sessed and judgment entered. Under the evidence this was error, for there was no proof of the market value of coal at the mines, or, if none there, at the nearest available market, or that New York was such market for coal deliverable at Pittston. The general rule is that in an action for failure to deliver goods the vendee is entitled to recover the difference between the contract price and the market value at the time and place of delivery (Hauptman v. Pa. W. Home for Blind Men, 258 Pa. 427; Seward v. Pa. Salt Mfg. Co., 266 Pa. 457; Iron Trade Products Co. v. Wilkoff Co., 272 Pa. 172; Delmont Gas Coal Co. v. Diamond Alkali Co., 275 Pa. 535), or, if there is no market value at such place, then the value at the nearest available market. As the contract in question calls for the delivery of the coal at the mines it was there, and not at the place to which the vendees intended to ship the coal, that its market value must be ascertained. In case where the country-wide value of a commodity is based on its market value in New York City, such value, less the cost of transportation, is accepted as its market value wherever it may be (Sloan Corporation v. Linton et al., 260 Pa. 569); but such rule cannot be applied to a general commodity like coal.

The trial judge fell into error by treating the Sales Act of May 19, 1915, P. L. 543, as abrogating the rule that the damages in such case must be based on the market value at the place of delivery. True, section 67 of that Act, P. L. 562, provides, inter alia, "Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver." But in view of the settled law upon the subject, the available market means the one at the place of delivery, or if there is none there, then the one nearest thereto. We have assumed

in recent cases, without the question having been raised, that the Sales Act of 1915 made no change in the rule that the market value is to be determined at the place of delivery; and elsewhere, under similar enactment, it has been expressly so decided: Standard Casing Co. v. California Casing Co., 233 N. Y. 413, 135 N. E. 834; Seaver v. Lindsay Light Co. (N. Y.), 135 N. E. 329; Disch v. National Surety Co., 196 N. Y. S. 833; and see Morris Joseloff Co. v. Spirt (Conn.), 117 Atl. 523. The section of the Sales Act above quoted is not inconsistent with the prior law and, therefore, cannot be construed as changing it. "Legislative enactments are to be expounded as near to the use and reason of the prior law as may be, when this can be done without violation of its obvious meaning; for, say the cases, it is not to be presumed the legislature intended to make any innovations upon the common law, further than the case absolutely requires": Davidson v. Bright, 267 Pa. 580, 589; Cadbury v. Duval, 10 Pa. 265, 270; or, in other words, a statute will not be construed as changing the common law beyond what is expressly stated or necessarily implied, and in doubtful cases the presumption is that no change was intended. See Endlich on Interpretation of Statutes, p. 172, par. 127; 36 Cyc. 1145; Pettit v. Fretz's Exr., 33 Pa. 118; Smith v. Altoona, etc., R. R. Co., 182 Pa. 139, 37 Atl. 930; Keim v. City of Reading, 32 Pa. Superior Ct. 613. In fact, section 73 of the Sales Act (p. 564) stipulates that, in all cases not provided for in the act, the rules of law and equity shall continue as theretofore.

The plaintiffs here failed to offer the proof necessary to enable the court to assess the damages upon the correct basis (Kinports v. Breon, 193 Pa. 309), and the record does not show that defendants waived such proof, but does show they contested the amount of damages as claimed by plaintiffs and for which the judgment, assigned as error, was entered. It is not necessary, however, to retry the case, but only to reassess the damages,

after the parties have submitted such further proof as they desire upon that question. Our right to so modify the judgment is authorized by statute: Durante v. Alba, 266 Pa. 444. (Acts of June 16, 1836, P. L. 785, and May 20, 1891, P. L. 101).

The judgment of the court below is modified by vacating the assessment of damages, and the record is remitted with a procedendo.