Shallcross et al., Receivers, *v.* North Branch-
Sedgwick Building and Loan Association,
Appellant.

Argued October 2, 1936.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Lemuel B. Schofield,* with him *W. Bradley Ward,* for appellant.

*Thomas P. Mikell,* with him *Saul, Ewing, Remick & Saul,* for appellees.

Per Curiam, November 13, 1936:

Section 1 of the Act of July 1, 1935, P. L. 503—commonly known as the Deficiency Judgment Act—provides: "That in all cases where a bond and mortgage, or any other obligation securing or guaranteeing the payment thereof, is or has been given for the same debt, the real property, bound by such bond and mortgage, shall first be proceeded against and sold on execution, and the amount of the deficiency judgment ascertained, as hereinafter provided, before any other real property of the mortgage debtor may be attached, levied on or sold for the debt secured by such bond and mortgage, and before any property, real or personal, of any such other person may be sold for the debt secured by such bond and mortgage."

The appellant building and loan association, which became the owner of certain real estate, subject to a mortgage held by the appellees, the plaintiffs herein, in consideration of an extension of the mortgage, agreed in writing to assume and make prompt payment of the principal and interest of the mortgage.

On default by appellant, plaintiffs sued and recovered a judgment on this agreement, and issued an attachment execution on the judgment, summoning the First National Bank of Philadelphia as garnishee. Defendant thereupon filed a petition to dissolve the attachment and to restrain execution until appellees complied

with the provisions of the Deficiency Judgment Act aforesaid, as interpreted by defendant. A rule was granted which was subsequently discharged. Defendant appealed.

Appellant contends that the section of the Act above quoted should be construed and interpreted as if the words 'or attached' were added to the word 'sold' in the final clause of the section, so that the last three lines would read, "and before any property, real or personal, of such other person may be sold *or attached* for the debt secured by such bond and mortgage."

As the Act is in derogation of the common law it should not be extended beyond its plain and express provisions: *Guthrie's Est.,* 320 Pa. 530, 536, 182 A. 248; *Szilagyi v. Bethlehem,* 312 Pa. 260, 267, 167 A. 782; *Gratz v. Insurance Co. of N. A.,* 282 Pa. 224, 234, 127 A. 620; *Mindlin v. O'Boyle,* 278 Pa. 212, 217, 122 A. 294; *Strain v. Kern,* 277 Pa. 209, 212, 120 A. 818.

We could, if it were deemed necessary, present reasons which might have moved the legislature to adopt the language which it used in preference to that urged upon us by appellant; but it is unnecessary to enter into further discussion of the matter, for our Supreme Court in the very recent case of *Beaver County B. & L. Assn. v. Winowich,* 323 Pa. 483, 187 A. 481, opinion by Mr. Justice STERN has ruled that deficiency judgment statutes, such as here involved, violate the federal and state constitutions, in that they impair the obligation of contracts. The statute directly involved in that case was the Act of January 17, 1934 (Special Session), P. L. 243; but Mr. Justice STERN makes reference to the Act of 1935, supra, as follows: "In this very case a statute was enacted on July 1, 1935, P. L. 503, the date of expiration of the original act, which in substance renews the provisions of the Act of January 17, 1934, placing still greater restrictions upon recovery of the mortgage indebtedness, and effective until June 30, 1937; it pro-

vides in section 11 that 'This act shall be deemed and shall be construed to be a continuation of the provisions of the act, approved the seventeenth day of January, 1934, ...... and all rights vested, or duties or obligations imposed, or rights forfeited under the provisions of said act, shall be deemed continued, so vested, imposed or forfeited under this act and enforceable under this act, notwithstanding the expiration of said act of January seventeenth, 1934, by its own limitation.' " So it is evident that the decision in that case applies with at least equal force to the Act of 1935 here under consideration.

It is true that section 12 of the Act of 1935 provides: "The provisions of this act shall be severable, and if any of the provisions shall be held to be unconstitutional, such decision shall not affect the validity of any of the remaining provisions of this act. It is hereby declared as the legislative intent that this act would have been adopted had such unconstitutional provision not been included therein." But section one of the act includes the definite provision that "the amount of the deficiency judgment [shall be] ascertained as hereinafter provided before ...... any property, real or personal, of any such other person may be sold for the debt secured by such bond and mortgage." They are thus so tied up together that the striking down of the deficiency judgment provision carries with it the whole section.

The order is affirmed.