## Kalman v. Thornton-Fuller Co.

*Herbert S. Levin,* for plaintiff.

*Robert M. Landis* and *Owen B. Rhoads,* for defendant.

MacNeille, P. J., February 6, 1948.—We are considering preliminary objections to plaintiff's bill in equity. The objection raised is as follows: that upon the facts averred plaintiff has a valid, complete and adequate remedy at law by way of a suit in assumpsit for the alleged breach of contract.

Plaintiff avers in his bill that defendant entered into an oral contract whereby plaintiff agreed to buy

and defendant agreed to sell a new Dodge or Plymouth sedan automobile at and for the prevailing price on the date of delivery.

Plaintiff avers that he paid on account thereof $25; that although defendant contracted with plaintiff to place his name on the list of prospective buyers who had accompanied their orders by deposits, which list was to be strictly honored by defendant in such a manner that defendant would not sell any new cars except to those whose names appear on said list in the order in which they had been placed on the list, the defendant, despite that agreement, has delivered new automobiles such as plaintiff ordered to persons who placed their orders subsequent to plaintiff's contract with defendant and in violation thereof.

Plaintiff further avers that the demand for new automobiles greatly exceeds the supply thereof, whereby it has become and now is impossible to purchase and obtain immediate delivery of a new automobile.

Plaintiff avers also that because of the scarcity of new automobiles they have become unique chattels and further contributing to the unique character of the automobiles is the fact that defendant is permitted a maximum retail price by the manufacturer, which is considerably less than the price at which the same car may be resold in the open market, even though it has been used.

The only averments as to loss or damage to plaintiff for alleged breach of the agreement is contained in paragraph 18 of the bill in equity, which reads as follows:

"18. Unless defendant immediately performs its contract with plaintiff, irreparable loss and injury will result to plaintiff, for plaintiff is without adequate relief and protection except in a court of equity. Full and complete relief is not available to him at law, as the damages to him would be difficult, perhaps impos-

sible of ascertainment and determination, and could not afford complete compensation to plaintiff for the loss sustained by him, in view of the peculiar circumstances and the unique character of automobiles as aforementioned."

The general rule of law is now and always has been in this jurisdiction that a court of equity will not decree specific performance of contracts for the sale of personal property where there is an adequate remedy at law. See McGowin v. Remington, 12 Pa. 56; Foll's Appeal, 91 Pa. 434; Rigg v. Railway Co., 191 Pa. 298; Strause v. Berger, 220 Pa. 367; Cochrane v. Szpakowski, 355 Pa. 357; 4 Pomeroy's Equity Jurisprudence, (5th ed. 1034, §1402; 5 Williston on Contracts (rev. ed.) 3953, §1419; The Sales Act of May 19, 1915, P. L. 543, sec. 68.

Whether or not in the instant case plaintiff has an adequate remedy at law depends on whether damages for the loss alleged may be ascertained in a suit at law. Plaintiff has alleged an oral contract and a breach thereof. The contract is thereby controlled by The Sales Act of May 19, 1915, P. L. 543. Section 67 of The Sales Act (69 PS §312) sets forth the rights and remedies of the buyer for failure to deliver goods. This section provides that the measure of damages is the loss directly and naturally resulting in the ordinary course of events from the seller's breach of contract. It also provides that if there is an available market, the measure of damages is the difference between the contract price and the market price. See also Gloekler v. Painter, 272 Pa. 131, Seward v. Pennsylvania Salt Mfg. Co., 266 Pa. 457, Popkin Bros. v. Dunlap, 130 Pa. Superior Ct. 50, and Norwood Lumber Corp. v. McKean et al. 153 F. (2d) 753, C. C. A. (1946).

In the present case it is alleged that there is no available market of the type of new cars which is the subject matter of the agreement of sale. The measure of damages in the present case is therefore the loss

directly and naturally resulting. We are thus called upon to search plaintiff's allegations to ascertain what losses plaintiff has averred and then to determine if such losses can be adequately compensated by an action at law. The only allegation as to loss to plaintiff is set forth in paragraph 18 in the bill in equity. Nowhere is there any allegation of fact of a loss or losses either special or general which will directly or naturally result from the breach of the contract by defendant. This being true and there being alleged there is no present market of the type of property in dispute plaintiff would be entitled to only nominal damages for the alleged breach of contract by defendant. The burden is always on the buyer to allege and prove his damages if he is to recover more than nominal damages. See Seward v. Pennsylvania Salt Mfg. Co., 266 Pa. 457, Bigham v. Wabash-Pittsburg T. Ry. Co., 223 Pa. 106, and Freedom Oil W. Co. v. Williams et al., 302 Pa. 51.

Plaintiff by his pleading having failed to aver any actual loss is entitled to only nominal damages. Plaintiff by a suit in assumpsit at law would therefore have a full and adequate remedy, namely, the recovery of nominal damages. It might be that in an action at law plaintiff might be able to recover as damages the differences between the contract price and the market value. This even though it is alleged there is no immediate market. In Mindlin et al. v. O'Boyle et al., 278 Pa. 212, the court held that if there is no market value at the time and place set for delivery, the value is determined as the nearest available market. And in Seward v. Pennsylvania Salt Mfg. Co., 266 Pa. 457, the court stated, at page 462:

"Of course it may not at all times be possible to establish a general selling price, and in such cases actual market value may be shown by proof of facts and circumstances, fixing, to a reasonable degree of certainty, the amount the property would bring if offered at ordinary sale, . . ."

But, in any event, the damages are ascertainable at law and the remedy by a suit in assumpsit would be adequate.

Aside from the adequacy of the remedy at law, we do not believe plaintiff has set forth a good cause of action in equity. In order for a court of equity to grant relief by way of specific performance the remedy at law must be inadequate or the chattel must be unique or have some peculiar or special quality. This uniqueness or special quality must be as to plaintiff and not to the world in general. There is no averment by plaintiff that the chattels in question are unique or have a special value as to him. Further, in all the cases where specific performance of chattels have been decreed there has been averred that some present or future loss will result to plaintiff and facts have been averred showing what loss would result. There are no such averments here.

Further, in determining whether or not to grant specific performance in the case of chattels, reference must be made to the specific provisions of the Sales Act. Section 5 (69 PS §61) of the act provides:

"The goods which form the subject of a contract to sell may be either existing goods, owned or possessed by the seller, or goods to be manufactured or acquired by the seller after the making of the contract to sell, in this act called 'future goods'."

The subject matter of the contract in the present case would be designated under the act "future goods".

Section 68 (69 PS §313) of The Sales Act provides for specific performance of contracts to sell personal property. It reads:

"Where the seller has broken a contract to deliver specific or ascertained goods a court having the powers of a court of equity may, if the remedy at law be inadequate, on the application of the buyer, by its judgment or decree direct that the contract shall be performed specifically, without giving the seller the

option of retaining the goods on payment of damages. The judgment or decree may be unconditional, or upon such terms and conditions as to damages, payment of the price, and otherwise, as to the court may seem just."

The present contract being one to deliver future unascertained goods and not a contract to deliver specific or ascertained goods, a court of equity has no jurisdiction to decree specific performance. That the subject matter of the contract is not specific or ascertained is not open to doubt. The contract applied to either a Dodge or Plymouth sedan of which there are several models of each. The contract referred to no particular year of manufacture, and no particular time or place for delivery was provided, nor was the price specified. In Goodwin Co.'s Appeal, 117 Pa. 514, the court commented on the law of specific performance of personal property. Said the court, at page 535:

"The doctrine has in some cases been carried to this extent: that if a contract to convey stock is *clear and definite,* and the uncertain value of the stock renders it difficult to do justice by an award of damages, specific performance will be decreed." (Italics supplied).

In the present case the contract being indefinite, ambiguous and not clear or definite, the court in its discretion must deny specific performance.

The very question now before us has been decided by this court in the case of Heicklen v. Keeley Chevrolet Co., C. P. No. 3, June term, 1947, no. 1074, decided October 7, 1947. In that case the court dismissed the bill in equity which sought specific performance of an oral agreement to sell a "new Chevrolet passenger automobile, either a two-door, or four-door Fleetmaster or Stylemaster style, at and for the prevailing retail price on the date of delivery." To the same effect see also Hysock v. Palermo, 57 D. & C. 253, Kirsch v. Zubalsky, 139 N. J. Eq. 22, 49 A. (2d) 773, Cohen v. Rosenstock Motors, Inc., 188 Misc. 426, 65 N. Y. S.

(2d) 481, Goodman v. Henry Caplan, Inc., 188 Misc. 242, 65 N. Y. S. (2d) 576, and Kaliski v. Grole Motors, Inc., 69 N. Y. S. (2d) 645.

Wherefore, defendant's preliminary objection is sustained and plaintiff's bill in equity is dismissed.