J. HARVEY SPRUANCE and JOHN F. HEHL *vs*. CALVER ANDERSON.

PLEADING—AFFIDAVIT OF DEFENSE—JUDGMENT NOTWITHSTANDING.

Snap judgments, except in clear cases, being looked on with disfavor, judgment, under the statute, at the first term, on an affidavit of demand, notwithstanding the affidavit of defense, will be denied; the affidavit of defense, though somewhat indefinite, showing probable existence of equities which, as between the parties, would constitute a legal defense to the notes sued on, it being that the money received from their discount was paid to a certain trust company to pay the notes of a corporation, of which defendant, the signer, was treasurer, and the indorsers were directors, and defendant derived no personal benefit from the money.

(*December* 11, 1913.)

Judges BOYCE and RICE sitting.

*Armon D. Chaytor, Jr.*, for plaintiff.

*James Saulsbury* for defendant.

Superior Court, New Castle County, November Term, 1913.

ACTION OF ASSUMPSIT (No. 41, November Term, 1913) by J. Harvey Spruance and another against Calver Anderson on two promissory notes. Affidavits of demand and defense filed. Motion made by plaintiffs for judgment at the first term of court, under the statute, notwithstanding the affidavit of defense. Motion denied.

BOYCE, J., delivering the opinion of the court:

This is a motion for judgment at the first term notwithstanding the affidavit of defense filed, the nature and character of the defense being stated as follows:

"That the notes named in the affidavit of demand of the said plaintiffs were signed by the said Calver Anderson and indorsed by the said J. Harvey Spruance and John F. Hehl, and the money received from the discount of these two notes was paid to the said Wilmington Trust Company, a corporation of the State of Delaware, to pay two certain notes for the same amounts of money as named in these two notes given by the Peninsula Cut Stone Company, a corporation of the State of Delaware, of which the said Calver Anderson was treasurer and the said J. Harvey Spruance and John F. Hehl were directors thereof.

"That the said Calver Anderson derived no personal benefits whatever from the amount of money received from the discount of these notes."

It is the opinion of the court that the affidavit of defense, though somewhat indefinite, shows, nevertheless, the probable existence of certain equities which, as between the parties, would constitute a legal defense to the notes sued upon. Greater certainty as to the nature and character of the defense is, of course, to be desired in affidavits of defense than is shown in the one now before the court; but the object of the statute providing for judgments at the first term, on affidavits of demand, is to expedite

the administration of justice, and not to make for injustice. Except in clear cases, the court looks with disfavor upon snap judgments, and we think in this case judgment should be refused.

The motion for judgment is, therefore, denied.