Hauptman, Appellant, *v.* Pennsylvania Working Home for Blind Men of the City of Philadelphia.

*Sales—Executory sales—Damages—Measure of damages—Case for jury.*

1. Upon a breach of contract by a vendor in failing to furnish his vendee goods contracted for the latter is entitled to recover compensation for his loss and that loss is measured by the difference in market value of the goods the vendor had contracted to furnish and the contract price which he had agreed to accept, and except where special damages are claimed such is the measure of damages whether the vendee has purchased goods to take the place of those the vendor was to furnish or not.

2. In an action by a vendee for breach of the vendor's contract to furnish the vendee with brooms, a compulsory nonsuit was erroneously entered where plaintiff testified that the market price of such brooms on the date of the breach was greater than the contract price, although plaintiff did not purchase goods to take the place of those the vendor was to have furnished.

Argued March 22, 1917. Appeal, No. 41, Jan. T., 1917, by plaintiff, from order of C. P. No. 1, Philadelphia Co., March T., 1915, No. 3925, refusing to take off nonsuit, in case of Adolph Hauptman v. Pennsylvania Working Home for Blind Men of the City of Philadelphia, a corporation. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Assumpsit for breach of a contract of sale. Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*A. S. Weill,* of *Weill & Oliver,* with him *S. D. Matlack* and *Byron, Longbottom & Pape,* for appellant.—The decision of the court below was contrary to the rule stated by the leading text writers and applied with unanimity by the courts of last resort in other jurisdictions, and was also in conflict with two decisions of this court: Burton v. Miller, 227 Pa. 143; Honesdale Ice Co. v. Lake Lodore Improvement Co., 232 Pa. 293; E. L. Nissley & Co. v. Bushong, 27 Lanc. Law Rev. 398; Wolson v. Wernwag, 217 Pa. 82; Saxe v. Penokee Lumber Co., 159 N. Y. 371 (54 N. E. Repr. 14); Follansbee v. Adams, 86 Ill. 13; Barnett v. Elwood Grain Co., 153 Mo. App. 458 (133 S. W. Repr. 856); Rockford Malleable Iron Works v. Tilden, 188 Mich. 80 (154 N. W. Repr. 35); Maybank & Co. v. Rogers, 88 S. Car. 572 (71 S. E. Repr. 48); Nottingham Coal & Ice Co. v. Preas, 102 Va. 820 (47 S. E. Repr. 823); Fairchild-Gilmore-Wilton Co. v. Southern Refining Co., 158 Cal. 264 (110 Pac. Repr. 951); Stahr v. Hickman Grain Co., 132 Ky. 496 (116 S. W. Repr. 784); Carney v. Vogel, 52 Wash. 571 (100 Pac. Repr. 1027); Burgie v. Hicks, 203 Fed. Repr. 340; E. W. Bliss Co. v. Buffalo Tin Can Co., 131 Fed. Repr. 51; Jackson v. Washington, B. & A. Electric Ry. Co., 35 App. Cas. D. C. 41.

*Alfred N. Keim,* with him *Carroll R. Williams,* for appellee.—No damages were proven by plaintiff.

OPINION BY MR. JUSTICE STEWART, June 30, 1917:

The plaintiff was a commission merchant doing business in the City of New York; the defendant, a chartered charitable institution located in the City of Philadelphia, supporting and giving employment to persons blind and indigent. One branch of industry in which the inmates of this institution are employed is the making of brooms. On the 16th of April, 1913, the plaintiff gave to

defendant's superintendent a written order for 4,000 dozens of brooms, of different grades, sizes and prices, which reads as follows: "Four thousand dozens of the following brooms at the following prices, same to be taken out up till August 16th, at the rate of about one thousand (1,000) dozens per month. Should I not be able to take out exactly a thousand per month whatever the remaining quantity will be, I will take all of them out during the month of August." The order enumerates various sizes and kinds of brooms and their respective prices, and provides: "I also have the option of taking the above quantity in any sizes that I may have call for. This order not to be filled at higher prices than last charged without advice." This order was accepted by the defendant, and during the months of April, May, June and July following, plaintiff received shipments of brooms aggregating 182 dozens brooms. On the 15th of August following, the last day of the period during which the brooms were to be shipped under the contract, plaintiff sent the following telegram to the defendant from New York: "Ship as soon as possible balance of brooms on my standing contract." This was followed by a letter dated the same day as the telegram, but not received until the next, confirming the telegram and specifying the quantity and sizes of brooms that plaintiff required to be shipped. The letter specified three different varieties of brooms. Defendant failed to comply with this demand, whereupon the plaintiff brought his action to recover damages for alleged breach of contract. The facts we have stated all appear in the plaintiff's testimony. It there further appears that plaintiff made no attempt to supply himself with other brooms to take the place of those the defendant had failed to furnish. He did, however, introduce testimony as to the market price of such brooms as he had ordered, at the time of defendant's alleged breach of its contract. At the conclusion of plaintiff's evidence, the court directed a nonsuit, which it subsequently declined to take off.

The present appeal is from the order refusing to take off the nonsuit. It is from the opinion filed in connection with this refusal of plaintiff's motion that we are informed as to the reason for the nonsuit. We quote therefrom: "At the conclusion of plaintiff's case, counsel for defendant moved for nonsuit on the ground that as plaintiff has not gone into the open market, or made purchases of brooms from other sources in order to supply his needs, it did not appear that he had sustained any damages, and therefore could not recover. The learned trial judge thereupon entered a nonsuit. We are of opinion that the ruling of the trial judge was correct. The testimony fails to show wherein the plaintiff was damaged. The law is well settled that in cases where the vendor refuses to deliver goods sold to buyer, the measure of damages is "the difference between the contract price and any greater market price that the buyer has been compelled to pay." This is not a correct statement of the law.

Upon a breach of contract by a vendor in failing to furnish his vendee goods contracted for, the latter is entitled to recover compensation for his loss, and that loss is measured by the difference in market value of the goods the vendor had contracted to furnish and the contract price which he had agreed to accept. The law is not concerned to inquire whether the vendee supplied from other sources the goods the vendor had agreed to furnish, nor does it concern the vendor. The measure of damage is not conditioned on any such circumstances. Except where special damages are claimed, the difference between the contract price and the market value at the time of the breach is the true measure of the damage, whether the vendee has purchased goods to take the place of those the vendor was to furnish or not. The plaintiff testified to what this difference was. That of itself was sufficient to carry the case to the jury. It would be for the jury to pass upon the sufficiency of the evidence. The nonsuit was improperly ordered. The judgment is reversed with a procedendo.