FARMERS NATIONAL BANK OF UNION, Plaintiff, *v.* CLARENCE M. WILLIAMS and CASSIE M. WILLIAMS, Defendants.

(Supreme Court, Broome County, December, 1921.)

Motions and orders — summary judgment — promissory note — transferee not holder in due course without indorsement by payee — motion for summary judgment denied where complaint and affidavit failed to state the full facts — Rules of Civil Practice, rule 113 — Negotiable Instruments Law, § 79.

Under section 79 of the Negotiable Instruments Law the transferee of commercial paper cannot be a holder thereof in due course until it has been indorsed by the payee.

Supreme Court, December, 1921.     [Vol. 117.

The complaint in an action against the makers of a promissory note did not allege who was the payee of the note or that it was transferred by his indorsement, nor was it alleged that plaintiff took the note in good faith and for value, or that at the time it was negotiated, plaintiff had no notice of any infirmity in the paper or defect in the title of the one negotiating it. The answer, following a denial of certain material allegations of the complaint, alleged that plaintiff, at the request of one D. and for value received, discounted the note in the usual course of business and thereupon became and still was the owner and holder thereof. *Held,* that though upon a motion for summary judgment under rule 113 of the Rules of Civil Practice the plaintiff submitted an affidavit stating that the note, prior to maturity, was taken and received in the ordinary and usual course of business and that plaintiff was the owner and holder thereof in due course, the motion will be denied where the defendants also file an affidavit stating facts sufficient to entitle them to defend the action, and neither the note nor a copy thereof is presented on the motion.

APPLICATION for summary judgment.

Thomas A. MacClary, for motion.

Williams & Smith, opposed.

TUTHILL, J. The plaintiff applies for summary judgment under rule 113 of the Rules of Civil Practice. The action is brought against the makers of a promissory note. The defendants have interposed an answer in and by which they deny certain material allegations of the complaint, that on or about the 25th day of May, 1921, the plaintiff, at the request of Lee Dubois, and for value received discounted the note in the usual course of its business and thereupon became and still is the owner and holder thereof. An affidavit is also filed in behalf of defendants in and by which alleged statements are made which the defendants contend show facts sufficient to entitle them to defend the action.

Securing judgment under the new rule is a marked departure from the practice which has heretofore obtained in this state. It is drastic, and while it may be a proper procedure in certain cases, I do not believe in this instance a summary judgment should be rendered, and that defendants are entitled to a trial in the usual form of a plenary action.

While the complaint may be entirely sufficient for a recovery by the plaintiff as a holder in due course under section 91 of the Negotiable Instruments Law, yet it nowhere appears in the complaint, or in the affidavit filed in behalf of plaintiff for judgment, who was the payee of the note or that it was transferred by indorsement, nor is it stated that the plaintiff took the note in good faith and for value or that at the time it was negotiated the plaintiff had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Where an instrument is transferred without the indorsement of the payee, a transferee cannot be a holder in due course until the indorsement is placed on the instrument. Neg. Inst. Law, § 79. Neither the note nor a copy is presented to the court on this application. The affidavit submitted does state, in the 6th folio: "That the said promissory note was taken and received by the plaintiff in the ordinary and usual course of its business prior to maturity and the plaintiff is the owner and holder of said note in due course." This, as already stated, may be sufficient for a pleading, but in an affidavit for a summary judgment where a defense has been interposed of the nature here pleaded, I believe further facts should affirmatively appear giving the name of the payee, whether the note was indorsed and discounted in good faith, the time of discounting, the value paid therefor and that it was received by the present alleged owner and holder thereof without

notice of any infirmity in the instrument or defect in the title of the person negotiating it. In other words, a full and complete disclosure by the plaintiff of all facts should be presented to the court, showing the plaintiff's ownership and title to the note and negativing the defense interposed.

The question is not whether an alleged cause of action is set forth in the complaint and in the affidavit submitted, but whether the defendants have not shown facts overcoming those claimed by plaintiff which the judge hearing the motion deems sufficient to entitle them to defend.

Taking all the facts and circumstances into consideration as shown by the affidavits, and the deficiencies of the affidavit presented in plaintiff's behalf, I believe the defendants are entitled to defend this action.

The motion is denied, with ten dollars costs.