# Delmont Gas Coal Co., Appellant, *v.* Diamond Alkali Co.

*Contracts—Sales—Counterclaims—Pleadings — Practice — Affidavit of defense—Measure of damages—Strikes—Car shortage—Matters of defense not necessary to be negatived—Act of May 19, 1915, P. L. 562.*

1. Where suit is brought for balance of purchase price of coal sold and delivered, and defendant sets up in his affidavit of defense a counterclaim for shortages in deliveries, showing the proper measure of damages, and plaintiff in his reply fails to deny the shortages, the counterclaim and the affidavit of defense, when offered at the trial, established a prima facie case for defendant.

2. The pleadings, when competent as evidence and properly brought upon the record, must be treated as at least prima facie correct.

3. Where the vendor fails to deliver the goods according to contract, the measure of damages is the difference between the contract price and the market value at the time and place of delivery, and this the vendee may recover, if he has not supplied his wants

elsewhere, but if he has supplied his wants elsewhere he can recover no more than his actual loss.

4. Where a contract for sale of coal contains strike or car shortage clauses, the burden is on the vendor to show that he was excused from performance thereby. It is not necessary for the vendee in an action against him to anticipate and negative such matters of defense.

5. Where during the running of a coal contract all cars were furnished by the seller, and the purchaser was never called to furnish any, and could not have furnished them if he had been so requested, and it also appears that the seller had reserved the right to equitably apportion cars in case of shortage, it cannot be held that it was the duty of the buyer to supply the cars.

Argued October 9, 1922. Appeal, No. 39, Oct. T., 1922, by plaintiff, from certificate and judgment of C. P. Allegheny Co., April T., 1918, No. 277, for defendant, in case of Delmont Gas Coal Co. v. Diamond Alkali Co. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for balance due for coal sold and delivered. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Certificate and judgment for defendant for $15,680.83. Plaintiff appealed.

*Error assigned,* inter alia, was refusal of judgment for plaintiff n. o. v., quoting record.

*William A. Griffith,* of *Griffith & Kennedy,* for appellant.—Defendant suffered no actual loss through the nondelivery of the full supply of coal. It did not purchase any coal at a higher price for its plant, to justify a demand for reimbursement of its actual loss as damages: Adams Express Co. v. Egbert, 36 Pa. 360; Cronin v. Sharp, 16 Pa. Superior Ct. 76; Lentz v. Chotteau, 42 Pa. 435; Bigham v. Ry., 223 Pa. 106; Rightmire v. Hirner, 188 Pa. 325; Morris v. Supplee, 208 Pa. 253.

It is the duty of the party injured in case of breach of contract to do all in his power to prevent damages or to reduce the damages flowing from the breach to the smallest possible amount: Pittsburgh Sheet Mfg. Co. v. Steel Co., 201 Pa. 150; Seward v. Salt Mfg. Co., 266 Pa. 457; Spiese v. Trust Co., 258 Pa. 422; Raby v. Ward-Meehan Co., 261 Pa. 468.

When a special contract is relied on, the moving party must affirmatively allege and prove his own performance as a condition precedent to recovery.

The buyer in assigning the breach of delivery has to affirmatively negative by proof all of the conditions precedent to delivery, and show affirmatively that, under the conditions of the contract, the seller is able to deliver: Wigton v. Coal Co., 270 Pa. 420; Zeller v. Wunder, 36 Pa. Superior Ct. 1.

*Maynard Teall,* with him *Wm. M. Robinson* and *Reed, Smith, Shaw & Beal,* for appellee.—Judgment for plaintiff n. o. v. was properly refused: York v. Ry., 229 Pa. 236.

Defendant pleaded and proved recoverable damages and a proper measure thereof: Armstrong v. Latimer, 165 Pa. 398; Hauptman v. Working Home, 258 Pa. 427; Iron Trade Products Co. v. Wilkoff Co., 272 Pa. 172; Kay v. Fredrigal, 3 Pa. 221.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

On September 5, 1916, plaintiff entered into a written contract for the sale to defendant of, inter alia, twenty-five cars of slack coal per month, for nine months, beginning with October, 1916, at $1.25 per net ton f. o. b. at the mines. Each month's delivery to be treated and considered as a separate and independent contract and to be settled and paid for in cash on or before the fifteenth day of the next succeeding month. Pursuant to which plaintiff delivered to defendant carloads of the coal during each of the nine months, but in less numbers

than the contract called for. This suit was brought to recover $1,795.32, for the coal so delivered during the last month of the contract (June, 1917); to this defendant set up a counterclaim for damages by reason of the shortages of the monthly deliveries. The pleadings consisted of plaintiff's statement, to which was attached a copy of the contract, defendant's affidavit of defense, as amended, and plaintiff's reply thereto. At the trial, plaintiff, after having made out a prima facie case, by offering in evidence the contract, the undenied averments in the statement and certain admissions in the affidavit of defense, rested. Defendant then offered in evidence the paragraphs of its affidavit of defense not denied, or not sufficiently denied, in plaintiff's reply, and then rested. No part of plaintiff's reply, or other proof, than as above stated, was offered by either side, while each asked for binding instructions. The trial judge directed a verdict for defendant for $15,680.83, being the amount of its counterclaim, less plaintiff's claim, and from judgment entered thereon plaintiff brought this appeal.

Section 15 of the Practice Act of May 14, 1915, P. L. 483, 486, provides, inter alia, "The set-off or counterclaim shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defense thereto," and must be stated with equal certainty: Guaranty M. Co. v. Hudford P. S. Co., 264 Pa. 557. The amended affidavit of defense superseded the original (Atherton v. Clearview Coal Co., 267 Pa. 425; Kay v. Fredrigal, 3 Pa. 220) and the question is, Does it, as admitted in evidence, together with the contract, make a prima facie case for defendant? This must be answered in the affirmative. Plaintiff contracted to deliver two hundred and twenty-five cars of slack coal at $1.25 per ton, and the affidavit sets out the number of cars delivered each month, making in all 136 cars and leaves a shortage of 89 cars, which, computed at the average tonnage of the cars delivered, makes a total shortage of

4,147 tons. The affidavit also sets out the market value of such coal at the end of each month and defendant's loss, computed on the basis of the difference between the market value and the contract price; and further that plaintiff neglected and refused to deliver the balance of the coal, although demand therefor was duly made, or to pay defendant the damages it sustained by reason of such failure. The affidavit gives the amounts, etc., for each month in detail and states a substantial cause of action.

In such case, where the vendor fails to deliver the goods according to contract, the measure of damage to which the vendee is entitled is the difference between the contract price and the market value at the time and place of delivery: Iron Trade Products Co. v. Wilkoff Co., 272 Pa. 172; Seward v. Pa. Salt & Mfg. Co., 266 Pa. 457; Raby, Inc., v. Ward-Meehan & Co., 261 Pa. 468; Hauptman v. Pa. W. Home for Blind Men, 258 Pa. 427; Arnold et al. v. Blabon, 147 Pa. 372; Kountz v. Kirkpatrick, 72 Pa. 376; clause 3d of section 67 of the Sales Act of May 19, 1915, P. L. 543, 562. The vendee may recover such damage without having supplied his wants elsewhere: Seward v. Pa. Salt Mfg. Co., supra; Hauptman v. Pa. W. Home for Blind Men, supra. However, where the vendee has supplied his wants elsewhere he can recover no more than his actual loss: Morris v. Supplee, 208 Pa. 253, 260; Iron Trade Products Co. v. Wilkoff Co., supra. Here it does not appear that defendant supplied its wants elsewhere.

Section 6 of the above-mentioned Practice Act (P. L. 484) provides that, "Every allegation of fact in the plaintiff's statement of claim or in the defendant's set-off or counterclaim, if not denied specifically or by necessary implication in the affidavit of defense, or plaintiff's reply, as the case may be, or if no affidavit of defense or plaintiff's reply be filed, shall be taken to be admitted," hence the sections of the counterclaim to which we have referred, not being denied, must be taken as admitted

and, being in evidence, make a prima facie case. True, plaintiff's reply set up monthly settlements, car shortage, etc., but these matters were in the nature of an affirmative defense wherein the burden of proof was upon the plaintiff, and none was submitted. The contract stipulates that "Each month's delivery is to be treated and considered as a separate and independent contract," and further, that, "Seller will make every effort for the prompt and faithful fulfillment of contract, but will not be responsible for delivery hereunder if prevented by strikes or combinations of miners or laborers, accidents in mines or otherwise, fire or flooding, interruptions of transportation, failure of car supply, or from any other causes beyond seller's control. ........It is understood also that in case there should be a shortage of cars at the mines from which seller proposes to ship under this contract, shipment will be apportioned equitably and uniformly on all contracts or orders so far as the same can be accomplished." It is not necessary for a buyer to aver or prove the absence of circumstances which would excuse the seller's failure to perform; and this is especially so where, as here, these circumstances were peculiarly within the knowledge of the latter. In Smokeless Fuel Co. v. W. E. Seaton and Sons, 52 S. E. (Va.) 829, it is stated that, "In an action for breach of contract to deliver coal, the burden was on defendant [here—plaintiff] to show that it was excused, under strike or car shortage clauses of the contract, from performing the same." See also Ryan v. Hamilton, 205 Ill. 191, s. c. 68 N. E. 781; Cole v. Cole et al., 153 Ill. 585, s. c. 38 N. E. 703; York v. York Rys. Co., 229 Pa. 236, 243. "As a general rule it is not necessary for plaintiff [here defendant] to anticipate and negative matters of defense. Matters which should come more properly from the other side need not be stated; it is enough for each party to make out his own case": 13 C. J. 730.

There is in evidence the undenied averment that during the entire nine months, covered by this contract, the cars were all furnished by the seller and that the latter never called upon the buyer for any, and further that the buyer had no power to furnish any. This, in connection with the seller's reserved right to equitably apportion cars on all its contracts in case of shortage, clearly shows it was its duty and not that of the buyer to supply the cars. Under like conditions it has often been so held: see Davis et al. v. Alpha Portland Cement Co., 134 Fed. 274, s. c. 142 Fed. 74; American Trust & Savings Bank v. Ziegler Coal Co., 165 Fed. 34; Producers' Coke Co. v. McKeefrey Iron Co., 267 Fed. 22.

As above stated, plaintiff's reply was not offered in evidence nor was it brought upon the record in the manner pointed out in the opinion by the present Chief Justice in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, and therefore cannot be considered. The suggestion that plaintiff was obliged to furnish only so much coal as defendant's business required, finds no support in the contract or proofs. The case must be decided on the record as made, and the court cannot go back to the pleadings for the purpose of modifying in any way facts which have been offered and admitted in evidence: Buehler v. U. S. Fashion Plate Co., supra. The pleadings, when competent as evidence and properly brought upon the record, must be treated as at least prima facie correct (Mellon National Bank v. Peoples National Bank, 226 Pa. 261; McCord v. Durant, 134 Pa. 184; and see Kull v. Mastbaum & Fleisher, 269 Pa. 202), hence, the trial judge rightly directed the jury to allow the defendant's counterclaim.

The assignments of error are overruled and the judgment is affirmed.