## Remick v. Mohler.

*K. L. Shirk*, for plaintiff; *Guy K. Bard*, for defendant.

GROFF, J., April 19, 1930.—This is a motion for judgment for want of a sufficient affidavit of defense.

Plaintiff brought suit against the defendant to recover one-half the value of two acres of tobacco which plaintiff says he orally agreed to cultivate on the farm of defendant in the year 1928, on what is known in this county as the halves or shares. The terms of the agreement are set out in plaintiff's statement. Plaintiff alleges he entered upon the performance of his contract, and had his work "principally" completed when defendant ordered him from the place, and prevented him from harvesting the crop, etc., and that the said tobacco was afterwards prepared for market by defendant, and sold to one Louis A. Kramer, who paid the sum of $689.20 for it, one-half of which belongs to him, the plaintiff.

Defendant filed his affidavit of defense, in which he admits that he entered into a verbal contract with the plaintiff, under which he agreed to give the plaintiff two acres of land on which to raise tobacco. Plaintiff was to furnish the plants, plant and cultivate said crop and harvest the same, for which services plaintiff was to have one-half the value when the tobacco was marketed. Defendant admits the plaintiff cultivated part of the crop one time, and hoed part of the tobacco on two occasions; that in the middle of July plaintiff came to him and said his wife had deserted him and he would be unable to care for the tobacco; that at that time plaintiff was, and is still, indebted to the defendant for house rent, potatoes and lard; that they agreed to settle and defendant paid plaintiff, or allowed him, a credit of $22.50 for work he had done in the tobacco, which plaintiff agreed to accept in full for his labor in cultivating the same; that after settling their account plaintiff still owed him a balance of $18; that subsequently thereto plaintiff paid him $3, leaving the amount of $15 due from plaintiff to defendant. Defendant then sets out in detail his counter-claim, showing plaintiff to be indebted to him in the sum of $15. To this set-off or counter-claim plaintiff has filed no reply.

The Practice Act of May 14, 1915, § 12, P. L. 483, as amended by the Acts of 1917 and 1921, provides that:

"The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him. . . . Provided further, that no affidavit of defense shall be required to be filed under the provisions of this act in any case before the return day of the writ or summons."

Section 14 of the same act provides that:

"In actions of *assumpsit*, a defendant may set off, or set up by way of counter-claim against the claim of the plaintiff, any right or claim for which an action of *assumpsit* would lie, and a verdict may be rendered in his favor for the amount found to be due and judgment entered thereon. If in any case in which the defendant sets up a counter-claim the action of the plaintiff is discontinued, dismissed or a voluntary non-suit suffered, the counter-claim nevertheless may be proceeded with."

Section 15 of the same act provides that:

"When the defendant in his affidavit of defense sets up a set-off or a counter-claim against the plaintiff, the plaintiff, within fifteen days from the day of service of the affidavit of defense upon him, shall file an answer, under oath, which shall be called 'plaintiff's reply,' which shall be served upon the defendant, or his attorney, at the address for the service of papers indorsed on the affidavit of defense. In such cases the affidavit of defense shall be indorsed as follows, etc."

We do not find among the papers filed a reply, and the docket entries do not show that such a reply was filed. We, therefore, find that the plaintiff who made the motion for judgment for want of a sufficient affidavit of defense is in the position where a judgment might be taken against him for the amount of set-off or counter-claim claimed in the affidavit of defense.

In so deciding, we are not unmindful of the decision in Federal Sales Co. of Philadelphia *v.* Farrell, 264 Pa. 149, where it was held that: "Plaintiff may enter a rule for judgment for want of a sufficient affidavit of defense even though he has filed a reply to defendant's claim of set-off."

We are taking into consideration here the fact that the plaintiff has not filed his reply, and thereby admits the allegations in the defendant's affidavit of defense as completely as defendant would have admitted the allegations in the plaintiff's statement had he not filed an affidavit of defense.

In the case of the Delmont Gas Coal Co. *v.* Diamond Alkali Co., 275 Pa. 535, it was held that:

"Where suit is brought for balance of purchase price of coal sold and delivered, and defendant sets up in his affidavit of defense a counter-claim for shortages in deliveries, showing the proper measure of damages, and plaintiff in his reply fails to deny the shortages, the counter-claim and the affidavit of defense, when offered at the trial, established a *prima facie* case for defendant."

Where the plaintiff does not file a reply to a set-off or counter-claim properly pleaded within the time specified in the act of assembly, he thereby admits the amount claimed is due, and when that amount is, as in this case, in excess of the amount claimed by the defendant, a judgment taken therefor would be an end to the suit, and until plaintiff's reply is filed the court will assume that the facts alleged in the affidavit of defense, concerning the set-off, are true, and will not enter a judgment in favor of the plaintiff of the kind asked for in this case.

However, in the matter before us, and independent of defendant's set-off, the affidavit of defense sets up a good and sufficient defense, if true, to the plaintiff's claim, and raises such an issue of fact as should be tried by a jury. There is, in our opinion, no virtue in the reasons assigned for the entering of a judgment for want of a sufficient affidavit of defense, and the rule granted to show cause why judgment should not be entered for want of a sufficient affidavit of defense is discharged.

Rule discharged.       From George Ross Eshleman, Lancaster, Pa.