MORRIS BERICK *vs.* JOSEPH T. CURRAN, C. T.

JUNE 27, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This case is before us on plaintiff's exception to the denial of his motion for the entry of summary judgment by a justice of the superior court.

The plaintiff sued the city of Central Falls, through its treasurer, Joseph T. Curran, to recover for services as an attorney to the city solicitor and two members of the board of canvassers and registration of the city of Central Falls, when these officials were tried for participation in factional politics and incompetency by the city council of that city.

The plaintiff's declaration is in three counts: The first count states that the three officials, thus charged, "as agents and servants of the city of Central Falls retained the plaintiff on October 19, 1934, to defend them in the discharge of their official municipal duties"; the second count alleges that the plaintiff was "retained by the Board of Canvassers and Registration" in connection with certain *certiorari* proceedings; and the third count sets forth the common counts. The bill of particulars attached to this declaration itemizes the services the plaintiff claims to have rendered, and fixes his expected remuneration at $75 a day for a total of twenty-five and one half days, or $1,912.50.

To his writ the plaintiff attached the following affidavit. "I, Morris Berick, the plaintiff named in the within writ, make affidavit and say that the action commenced by the said writ is an action founded on contract express or implied where the plaintiff seeks to recover a debt or liquidated demand in money payable by the defendant; that I can swear to the facts of my own knowledge; and that in my opinion there is no defence to said action." He follows this writ and declaration with a motion for summary judgment upon the items, time consumed and rate of charge as fixed by himself.

The defendant filed an affidavit of defense which, in addition to a general denial stated in different ways, says that the "defendant never authorized the employment of said plaintiff." The affidavit was poorly drawn and contained no statement that the matters therein referred to were within the personal knowledge of the declarant. It is quite apparent, however, that the defendant intended to contest the case on the ground that the city was not bound because it had not authorized the act of plaintiff's clients in retaining him as their attorney to defend them against charges preferred against them to the city council.

These facts were before a justice of the superior court when the plaintiff's motion for summary judgment came up for consideration. A reading of the transcript of the

evidence taken at this hearing shows that the court appreciated that a substantial issue of fact was involved but felt that, either through inadvertance or inexperience, the facts were not sufficiently set out in the defendant's affidavit of defense, and before rendering any decision on the question then under consideration, intimated the advisability of amending the defendant's affidavit. In its remarks the court expressed no opinion whatsoever as to the form or scope of the amendment.

The plaintiff, who acted as his own counsel, immediately objected and claimed that, inasmuch as the court had in effect decided that the defendant's affidavit was defective, it was powerless to permit an amendment and should make an order for the entry of summary judgment in his favor. The court overruled this objection, gave the defendant an opportunity to amend his affidavit and noted the plaintiff's exception to its ruling.

The defendant promptly filed an amended affidavit of defense, based upon his own knowledge, specifically denying any authority in the plaintiff's clients to retain counsel at the expense of the city and further denying any authorization by the city council to the plaintiff to defend the accused officials. When this amended affidavit came up for consideration, the court found that there was an issue of fact between the parties and denied the plaintiff's motion for summary judgment, to which the plaintiff duly excepted.

We have recently held in the cases of *Fisher, Admr.* v. *Sun Insurance Company of New York* and *Fisher, Admr.* v. *Eagle Star Ins. Co.*, 55 R. I. 175, that a plaintiff is not entitled to prosecute a bill of exceptions to the denial of his motion for summary judgment. The reasons for our conclusion, together with a discussion of the type of cases within the purview of chapter 1343, P. L. 1929, known as the summary judgment statute, are fully set forth in the opinion in those cases. However, in view of the fact that the instant case was in this court on the plaintiff's bill of exceptions to the denial of his motion for summary

judgment in conformity with previous practice as established by the cases of *Rosenthal* v. *Halsband*, 51 R. I. 119; *Sutter* v. *Harrington*, 51 R. I. 325; and *Bond & Goodwin, Inc.* v. *Weiner*, 53 R. I. 407, and was argued to us before our decision in the *Fisher* cases, we will consider the questions now before us as a guide to the superior court and parties in the future.

We have already stated in that opinion that proceedings for summary judgment are not applicable in every action in assumpsit. They are in no way a substitute for existing methods in the trial of issues of fact and are not to be used indiscriminately as a short-cut. Where a motion for summary judgment is proper, the court is not authorized to try the issue, but is to determine whether there is an issue to be tried. In *Dwan* v. *Massarene*, 199 App. Div. 872-879, the court, referring to the power to grant summary judgment, says, "it is needless to say that it must be exercised with care and not extended beyond its just limits." In the case of *Munoz & Co.* v. *Savannah Sugar Refining Corp.*, 118 Misc. 24, 25, the summary judgment rule is described as "a two-edged weapon—useful if it precludes the interposition of defenses for delay, but dangerous if it deprives a defendant of the opportunity to have a trial of seriously contested questions of fact or law."

Proceedings for summary judgment should not be employed as a means for snap judgments in cases where there is a fair issue to be tried. This is especially true if the case is not within the clear scope of the statute. *Sheppards & Co.* v. *Wilkinson & Jarvis*, 6 T. L. R. 13; *Spruance et al.* v. *Anderson*, 27 Del. 414, 415; *Goldstein* v. *Korff*, 203 N. Y. Sup. 119; *Peninsular Transportation Co.* v. *Greater Britain Ins. Corp. Ltd.*, 200 App. Div. 695, 700; *Norwich Pharmacal Co.* v. *Barrett*, 205 App. Div. 749, 753.

The plaintiff in this case questions the right of the trial court to permit an amendment to a defendant's affidavit of defense and denies the sufficiency of the affidavit as amended. Before a plaintiff can properly ask for the entry of summary

judgment in his favor, two things must clearly appear: first, that his case is within the scope of the statute, and second, that the affidavit upon which his motion for summary judgment depends is sufficient in law to entitle him to a decision in his favor on the motion, if his affidavit is not met by an affidavit of a good defense. Since the plaintiff's affidavit is practically the sole guarantee of the truth of his claim, the assertions therein contained must be plain and positive. It must state all the essential facts in the plaintiff's claim; it must state them on his personal knowledge; and it must assert a belief that there is no defense to the action. *Symon* v. *Palmer's Stores*, L. R. 1 K. B. 259, (1912); *Hollgarten* v. *Wolkenstein*, 204 App. Div. 487; *Twigg* v. *Twigg*, 117 Misc. (N. Y.) 154; *Lonsky* v. *Bank of United States*, 220 App. Div. (N. Y.) 194; *Reynolds* v. *Fahey*, 4 Penn. (Del.) 264, 55 Atl. 221; *Webster* v. *Pelavin*, 241 Mich. 19; *La Prise* v. *Smith*, 234 Mich. 371; *Foertsch* v. *Germuiller*, 2 App. D. C. 340, 345; *Williams* v. *Bradley*, 2 App. D. C. 346; *Young* v. *Warner*, 6 App. D. C. 433.

The plaintiff's affidavit in this case does not meet these indispensable requisites and, therefore, is in itself insufficient to support a motion for summary judgment. It sets out no facts and is nothing more than a copy of the particular part of the statute permitting proceedings for summary judgment in certain cases. It is not enough to state that one "can swear to the facts" without actually stating them.

The right of a defendant to present his defense at a trial, if he has a defense, should be carefully protected. Although he cannot shelter himself behind mere conclusions and general denials, yet he is not to be denied his right of trial because of mere technical objections, if he states, on oath and as of his own knowledge, facts which raise a triable issue of fact or an important question of law depending upon facts which he thus states and the inferences to be drawn therefrom. *Lynde* v. *Waithman*, 2 Q. B. (1895) 180; *Bickers* v. *Speight*, 22 L. R. Q. B. D. 7; *The Elec. & Gen. Contract Corp.* v. *The Thomson-Houston Elec. Co.*, 10 T. L. R.

103; *The Western National Bank of N. Y.* v. *Perez-Triana & Co.,* 6 T. L. R. 366; *Jones* v. *Stone,* 70 L. T. R. 174; *Saw* v. *Hakim,* 5 T. L. R. 72; *Castle Co.* v. *Kouri,* 18 Ont. L. R. 462; *Wilkes* v. *Kennedy,* 16 Ont. P. R. 204; *Leslie* v. *Poulton,* 15 Ont. P. R. 332; *Posner* v. *Vogel,* 198 N. Y. Sup. 233; *Goldstein* v. *Korff, supra; Lawrence* v. *Hammond,* 4 App. D. C. 467; *Gleason* v. *Hoeke,* 5 App. D. C. 1, 5; *Reynolds* v. *Fahey, supra.*

For the purpose of securing to the defendant the right of trial, the court must assume his affidavit to be true and construe it with a view of preserving this right. In *Strauss* v. *Hensey,* 7 App. D. C. 289, at page 294, ALVEY, C. J., says: "The court cannot question or traverse the truth of the facts stated in the defendant's affidavit. Those facts the court is bound, for the purpose of securing to the defendant the right to trial, to assume to be true, and that, too, without reference to what the plaintiff may have stated in his affidavit . . ."

In *Farmers National Bank* v. *Williams,* 117 Misc. 567 at 570, the court says: "The question is not whether an alleged cause of action is set forth in the complaint and in the affidavit submitted, but whether the defendants have not shown facts overcoming those claimed by the plaintiff which the judge hearing the motion deems sufficient to entitle them to defend." The case of *Bailey* v. *District of Columbia,* 4 App. D. C. 356, is clear upon this point when it says, on page 369: "Without, however, expressing any definite opinion as to the legal sufficiency of the pleas of the defendant in the present action, we are of the opinion that the affidavit of the Commissioners of the District, filed with those pleas, is sufficient. We must construe the rule of court (rule for summary judgment) with reference to the nature of the action, and of the defense pleaded. We must also have reference to the character of the parties, and their presumed means of personal knowledge of the facts involved in the defense. This is an action against a municipal corporation, whose administrative officers and agents are changeable. . . . The rule and

affidavit required should in no case, and certainly not in a case like the present, be so rigidly and strictly construed as to embarass the defendant in availing itself of what may be regarded as a valid defense to the action. Nor should the affidavit, in any case, be tested as by a demurrer to a plea. All that can in reason be required is, that such state of facts, in support of the defense pleaded, be set forth in the affidavit as will satisfy the court of the good faith of the defendant in making the defense, and that such defense is not of a frivolous or dilatory character. Further than this the court cannot go in restricting the defendant in the exercise of his right to contest the demand of the plaintiff."

The defendant's amended affidavit, in addition to a denial, or the equivalent of a denial of the plaintiff's claim, sets forth sufficient facts which, when construed with reference to the nature of the action, the parties and the pleadings raise important issues of fact and law. This affidavit, considered in the light of the declaration, which is practically unsupported by any sworn facts in behalf of the plaintiff, clearly justified the court in denying the motion for summary judgment.

The plaintiff's exception to the action of the court in permitting the defendant to amend his affidavit of defense is without merit. In the exercise of its sound discretion and acting conservatively, the court may grant the right to amend an affidavit of defense which, although suggesting a triable issue, may be incomplete or technically deficient. *Bond & Goodwin, Inc.* v. *Weiner*, 53 R. I. 407; *Merchants &c.* v. *Jeschke*, 165 Atl. (R. I.) 441; *McReynolds* v. *Mortgage & Acceptance Corp.*, 13 F. (2d) 313, (Court of App. D. C. 1926); *Meyers* v. *Davis*, 13 App. D. C. 361; *Delmont Gas & Coal Co.* v. *Diamond Alkali Co.*, 119 Atl. 710; *Callon* v. *Lukens*, 7 W. N. of C. (Pa.) 28.

For the reasons hereinbefore given, all the plaintiff's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Morris Berick, pro se ipso.*

*Joseph Janas,* for defendant.