LILLIAN G. MACKENZIE *vs.* HECTOR DESAUTELS, *et al.*

JANUARY 19, 1939.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit brought in the superior court to recover the balance due on a promissory note made by the defendants and secured by a second mortgage on their real estate. The plaintiff filed with her writ a motion for summary judgment in accordance with public laws 1929, chapter 1343, as amended by public laws 1930, chapter 1605. The defendants filed an affidavit of defense together with a motion for denial of summary judgment. After hearing on the motions, the trial justice granted the plaintiff's motion. The defendants duly excepted to this action and have brought their bill of exceptions to this court.

The question before us is whether the defendants' affidavit of defense raises real issues of fact on which they are entitled to a trial. The trial justice found that it did not. The defendants contend that he erred and urge two grounds in support of their contention as follows: (1) That their affidavit raised issues of fact as to whether or not the plaintiff waived her rights under the contract and also whether or not she was estopped by her conduct from maintaining her action. (2) That the trial justice misconceived the law in the premises.

The plaintiff's motion for summary judgment, duly sworn to according to the statute, avers in substance that the defendants, on December 1, 1928, made a promissory note to George T. Connors for the sum of $2200, payable in installments of $25 a month with interest at 8% per annum; that said Connors indorsed and delivered this note to the plaintiff on December 1, 1928 and that she is now the holder thereof; and further that the defendants failed to make

payments of $25 a month as provided and that therefore the whole sum became payable. She also avers that the defendants have failed to make payment of interest due on December 1, 1937, whereby said principal sum became payable; that the principal sum unpaid on said note is $1525 and that the interest due thereon to April 27, 1938, the date of the writ, is $49.82, making the total amount due as of that date $1574.82; and that in her opinion there is no defense to this action.

The defendants' affidavit of defense does not controvert the specific averments in the plaintiff's motion, but sets up as a defense to the obligation to pay the note, according to its tenor, the following: ". . . that said note was secured by a mortgage on certain real estate situated in said Pawtucket, and owned by the affiants, and was subject to a prior mortgage; that on or about the 1st day of December, 1932, because of the economic condition then prevailing, the affiants were unable to pay the said note according to its tenor and informed the plaintiff of their inability so to do, and further then and there informed the plaintiff, or her agent, that they would have to make default in the payment of said note and allow the plaintiff to pursue her remedy either by way of foreclosure or otherwise; that thereupon the plaintiff, in consideration that the affiants would not stop paying the interest and principal of said note, then and there agreed to and with the affiants that if they would make a reasonable effort to pay the interest and monthly payments provided for by the note that she would waive the payment of the note according to its tenor, and permit the affiants to pay said note in such manner and in such sums as their circumstances would permit; that the affiants then and there accepted said proposition of the plaintiff and continued to pay upon said note as their circumstances permitted until on or about the 1st day of May, 1938; that on or about the said last mentioned date the plaintiff was informed that the holder

of said prior mortgage upon the real estate of the affiants contemplated and was actually pursuing foreclosure proceedings under the power of sale in said first mortgage contained, and thereupon demanded that the affiants pay the balance of said mortgage note strictly according to its tenor; that the affiants have made every reasonable effort to pay said note in accordance with the agreement made by the parties on or about December 1, 1932, aforesaid, and intend to continue so doing, but that the plaintiff, in violation of said agreement made as aforesaid, has brought this action for the entire balance alleged to be due."

Do these averments raise issues of fact entitling the defendants to a trial on the questions of waiver and estoppel as urged by them? We are of the opinion that they do not. Assuming as we must, that their affidavit is true and construing it with a view to preserving their right to a trial—*Berick* v. *Curran*, 55 R. I. 193, 199, 179 A. 708, 711— we are nevertheless driven to the conclusion that the facts alleged therein do not raise a justiciable issue between the parties.

On the facts alleged in their affidavit no new legal right accrued to the defendants absolving them from the obligation which they assumed under the note. They could not acquire such a right merely by informing the plaintiff that they would have to default payment of the note and by the plaintiff thereupon agreeing to accept such payments by them in "such manner and in such sums as their circumstances would permit" and by their paying such sums at such times thereafter. In other words, such an understanding or, as the defendants term it, "agreement" was not a binding contract. Clearly there was no consideration moving to the plaintiff to support such a contract, nor was there any detriment to the defendants. In law the promise of the plaintiff was nothing more than an act of leniency toward her debtors extending to them more time to pay a debt which they were then already under

obligation to her to pay, according to the terms of their promissory note.

The defendants argue, however, that the facts alleged "constitute an intentional abandonment or relinquishment of a known right on the part of the plaintiff" and that she waived her right to pursue her remedy for breach of the original contract. In urging this claim they cite *Metcalf* v. *Phoenix Ins. Co.*, 21 R. I. 307; *Gilbert* v. *Hayward*, 37 R. I. 303 and *Humes Construction Co.* v. *Casualty Co.*, 32 R. I. 246. In so far as these cases are relied upon to illustrate and define what is meant by a waiver in law or an estoppel, we are not in disagreement with them; but they do not, in their facts, resemble in any manner the facts set out in the affidavit of defense upon which the defendants rest their contention of a waiver by the plaintiff of her rights under the original contract or an estoppel by her alleged conduct of December 1, 1932. Clearly, as understood and defined by those cases, there was neither waiver nor estoppel under the facts alleged in defendants' affidavit. There was admittedly a waiver of monthly installments payable under the terms of the note, but it is expressly stated therein that the waiver of any such installment would not operate as a waiver of any other. So that what the plaintiff did was strictly in accordance with the original contract and did not excuse the defendants from their obligation to pay future installments as they became due.

The defendants further contend that, due to the economic situation existing on December 1, 1932, the plaintiff would have realized nothing by foreclosing the mortgage at that time but did realize something of value by agreeing to give the defendants more time within which to pay their note and that, therefore, there accrued to her a benefit and to them a detriment by reason of such understanding or agreement. There is no merit in this contention.

Whatever the defendants paid thereafter either as interest or otherwise was no more than they were liable to pay under the obligation of the original contract. They did not thereby come within that class to which Williston refers in the following quotation from a paragraph which the defendants cite in their brief and on which they rely: "When a debtor and creditor agree that an interest-bearing debt shall be extended for a fixed time, the promise of each is of something detrimental, as the creditor promises to forbear the collection of his claim, and the debtor gives up his right to stop the accrual of further interest by the payment of the principal at maturity. Accordingly such agreements are generally upheld." I Williston on Contracts, 264.

The remainder of this paragraph clearly shows that Williston had in mind an entirely different situation from that in the instant case, as he continues: "If, however, the debtor neither promises to refrain from paying the debt until a fixed day in the future, nor to pay interest until that time whether the debt is paid or not, there is no consideration to support the creditor's promise to extend the time of payment." In the instant case there is no averment in defendants' affidavit of an agreement to extend an interest-bearing debt for a fixed time by which, in return for the creditor forbearing to collect his debt, the debtor gives up his right to stop the accrual of further interest by the payment of the principal at maturity. There is merely the averment of a promise by the plaintiff to waive the payment of the note according to its tenor, if the defendants would make a reasonable effort to pay the interest and monthly installments in such sums and manner as their circumstances would permit, and no averment of any corresponding new promise on the part of the defendants which would be any detriment to them.

In other words, assuming each of these averments to be true, the plaintiff did no more than voluntarily waive the

obligation of the defendants to pay the installments and interest as stipulated in the note. This, in accordance with the tenor of the note, did not work a waiver of future installments. It is also to be observed that there is no averment in defendants' affidavit that they agreed to pay interest to some fixed time in the future whether they paid their debt or not. Nor is there averment of any other new obligation to support the alleged promise of the plaintiff. Hence, it is not possible to say that there was any detriment to the defendants from the agreement alleged by them in their affidavit.

For the reasons stated, we are of the opinion that the trial justice did not misconceive his function under the summary judgment law and that he did not err in finding that the defendants' affidavit raised no issue of fact requiring a trial.

The defendants' exception is, therefore, overruled, and the case is remitted to the superior court for further proceedings.

*James E. Brennan, Harold J. McLaughlin,* for plaintiff.
*Thomas L. Carty,* for defendants.