David A. FLOOD, Trustee of Estate of
Taylor's Potato Chip Company,
Inc. (Bankrupt)

v.

M. P. CLARK, INC.

Civ. A. Nos. 43142, 43464.

United States District Court,
E. D. Pennsylvania.

Nov. 30, 1971.

Ned Stein, Philadelphia, Pa., for plaintiff.

Charles C. Hileman, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Plaintiff has moved for a new trial on the issue of damages. Plaintiff is the Trustee in Bankruptcy of the estate of Taylor's Potato Chip Company, Inc. (Taylor's). On August 23, 1963 Taylor's entered into a contract with defendant M. P. Clark, Inc. (Clark) whereby Clark would sell Taylor's a quantity of chipping potatoes. The contract covered the period from May 1, 1964 to April 30, 1965. Having tried the case non-jury, 319 F. Supp. 1043, we found that Clark breached the contract by refusing to sell any potatoes to Taylor's after January 19, 1965.

Plaintiff's position at trial was that the contract called for the delivery of 350 100 pound bags of potatoes every ten days. Between January 19, 1965 and the

contract's termination date, ten such deliveries should have been made or a total of 3,500 bags. Therefore damages should be based on the difference between the market price and the contract price of 3,500 bags of potatoes. Defendant argued, that plaintiff's damages should be limited to his cover, i. e., the difference between the price which Taylor's paid for substitute potatoes and the contract price for the potatoes.

 The law is clear that while a party is under no obligation to effect cover, if he does so, he may recover as damages only the difference between the cost of his cover and the contract price. Delmont Gas Coal Co. v. Diamond Alkali Co., 275 Pa. 535, 119 A. 710 (1923). The difficulty in this case was that while plaintiff claimed that it was entitled to 3,500 bags of potatoes, it effected cover only as to 1,433½ bags. Damages in accordance with plaintiff's contention total $10,500. Under defendant's theory damages total $4,225.50.[1]

 We limited plaintiff's recovery to the difference between the cost of Taylor's cover of 1,433½ bags of potatoes and the price under the breached contract. We concluded that the contract did not strictly call for the delivery of 350 bags of potatoes every ten days. This conclusion was based on the following factors:

(1) The portion of the contract which referred to that quantity of potatoes called for delivery of *approximately* 350 100 lb. bags every ten days;

(2) The contract gave Taylor's the right to take possession of potatoes if not delivered *at times and in the quantities* specified by Taylor's;

(3) The contract provided that days of shipment would be according to mutual agreement, again indicating that "350 bags every ten days" was only an approximation;

(4) The course of performance by the parties was that Taylor's would call Clark whenever it needed potatoes. Throughout the life of the contract prior to the breach, Taylor's ordered potatoes at a significantly lesser rate than 350 bags every ten days.

Consequently we concluded that Taylor's having consistently purchased potatoes at a lesser rate than 350 bags every ten days and having effected cover only as to 1,433½ bags could not claim that its damages were the difference between the market price and contract price of 3,500 bags and that damages were limited to Taylor's cost in purchasing 1,433½ bags of substitute potatoes less the contract price of 1,433½ bags. We believe that this measure of damages was and is correct.

Plaintiff now claims that it would have effected cover as to more than 1,433½ bags of potatoes but that potatoes were unavailable. Unfortunately neither party has ordered a transcript of the trial of this case and we do not have the benefit of such a transcript. However our recollection is that potatoes were available in the market and only Taylor's economic situation prevented it from purchasing more potatoes in the market. We therefore conclude that the amount of damages awarded previously most accurately represents Taylor's actual loss and the motion for a new trial as to the issue of damages will be denied.

1. There are also other damages not here relevant.